**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZRIN MASSARO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., and PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>Defendants. | CASE NO.: 3:20-cv-00510-AJB-MSB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Nazrin Massaro hereby gives notice of the following supplemental authority in support of her Response in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction, [D.E. 71]: *Toney v. Advantage Chrysler-Dodge-Jeep, Inc., et al.*, Case No. 6:20-cv-00182-WWB-EJK (M.D. Fla. 2020) ("The Motions to Dismiss both seek relief pursuant to Federal Rule of Civil Procedure 12, which specifically provides that any motions for relief thereunder must be made before a responsive pleading is filed. Fed. R. Civ. P. 12(b), (f). However, Advantage filed an Answer and Affirmative Defenses (Doc. 44) long before either Motion to Dismiss was filed. Therefore, even if this Court allowed parties to summarily join the motions of other parties, which it does not, any attempt by Advantage to join in the Motions to Dismiss is improper."). A copy of the order is attached as **Exhibit A.**

While Defendant here has not yet filed a responsive pleading, it previously filed a Rule 12(b)(6) Motion to Dismiss, [D.E. 33], and the reasoning and holding of *Toney* are applicable. Specifically, a challenge to a purportedly unconstitutional statute is properly brought as a Rule 12(b)(6) motion. *See Woods v. Santander Consumer USA Inc.*, No. 2:14-cv-02104-MHH, 2017 U.S. Dist. LEXIS 47256 (N.D. Ala. Mar. 30, 2017) (citing *Smith v. Casino Ice Cream, LLC*, 2008 U.S. Dist. LEXIS 81550, 2008 WL 4541013, at *1 (S.D. Fla. Oct. 9, 2008) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) for the proposition that, to survive a 12(b)(6) motion to dismiss, a complaint must "assert some viable legal theory") (internal quotation marks omitted)). Thus, although styled a Rule 12(b)(1) motion,

Defendant's Motion to Dismiss for Lack of Jurisdiction is in fact a successive Rule 12(b)(6) motion prohibited under Rule 12(g)(2).

Dated: December 16, 2020

                        Respectfully submitted,

                        **HIRALDO P.A.**

By:  */s/ Manuel S. Hiraldo*
       Manuel S. Hiraldo, Esq.
       (*pro hac vice*)
       401 E. Las Olas Boulevard
       Suite 1400
       Ft. Lauderdale, Florida 33301
       mhiraldo@hiraldolaw.com
       (t) 954.400.4713

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

*Counsel for Plaintiff*