UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is the Motion to Dismiss filed by defendant Tricolor Auto Group, LLC ("Defendant") (Docket No. 24).  Defendant challenges the Court's subject matter jurisdiction to consider the First Amended Complaint ("1st AC") filed by plaintiff Alexander Shen ("Plaintiff").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 21, 2020, is vacated, and the matter taken off calendar.

I.      **Factual and Procedural Background**

Plaintiff commenced this putative class action alleging a claim for a violation of the Telephone Consumer Protection Act ("TCPA") on August 17, 2020, and filed the 1st AC as a matter of right after Defendant filed a Motion to Dismiss challenging the sufficiency of the original Complaint.  The 1st AC alleges that Plaintiff received a text message on his cell phone sent by Defendant on May 6, 2020.  Plaintiff responded by sending a "STOP" message to the number.  On May 28, 2020, Plaintiff received prerecorded calls to his cell phone from Defendant on May 28, May 30, and June 1, 2020.  During the June 1, 2020 call, Plaintiff requested to speak to a live agent and requested that Defendant remove his number from its system.[1/]  Plaintiff does not allege that he has received any calls from Defendant after June 1, 2020.

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or pre-recorded voice . . . to any telephone number assigned to a . . . cellular telephone

---

[1/]     Although not relevant for the Court's resolution of the issues raised by the Motion to Dismiss, Defendant states that Plaintiff received the calls because one of Defendant's representatives incorrectly input Plaintiff's phone number into Defendant's system rather than the number of one of Defendant's customers, who happens to have a phone number that shares all but one digit of Plaintiff's phone number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

service . . . ." 47 U.S.C. § 227 (b)(1)(A)(iii). Plaintiff seeks to represent a class of "[a]ll persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message (3) after they had opt[ed]-out of receiving any further communication from Defendant." (1st AC ¶ 34.)

Congress first enacted the TCPA in 1991. The original version of the TCPA generally prohibited robocalls to cell phones. In 2015, Congress amended the TCPA by adding the "government debt exception" to 47 U.S.C. § 227(b)(1)(A)(iii), which had the effect of prohibiting calls made to cell phones using a pre-recorded voice without consent "unless such call is made solely to collect a debt owed to or guaranteed by the United States." Id. On July 6, 2020, however, the Supreme Court issued its decision in Barr v. American Ass'n of Political Consultants ("AAPC"), __ U.S. __, 140 S. Ct. 2335 (2020). In AAPC, a divided Court concluded that the TCPA's government debt exception was an unconstitutional content-based restriction on speech because it "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment." 140 S. Ct. at 2344. Specifically, a three-Justice plurality, authored by Justice Kavanaugh, and joined by Chief Justice Roberts and Justice Alito, concluded that the government debt exception failed strict scrutiny, but could be severed from the remainder of § 227(b)(1)(A)(iii) to preserve the general ban on robocalls. Justice Sotomayor concluded that the government debt exception failed intermediate scrutiny, agreed that the provision was severable, and concurred in the judgment. Justices Breyer, Ginsberg, and Kagan would have concluded that the government debt exception was constitutional, but concurred in the judgment with respect to severability, while Justice Gorsuch, joined by Justice Thomas, concurred in the judgment that the government debt exception was unconstitutional, but for different reasons than those relied upon by Justice Kavanaugh, and dissented from Justice Kavanaugh's severability analysis and remedy.

In its Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant asserts that the Court lacks subject matter jurisdiction over the action as a result of the AAPC decision. According to Defendant, the Supreme Court's severance of the government debt exception acts prospectively, and that it could not have violated a statutory provision that contained an unconstitutional content-based restriction at the time it made the calls to Plaintiff's cell phone.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). "It is presumed that a cause lies outside this limited jurisdiction . . ., and the burden of establishing the contrary rests upon the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

party asserting jurisdiction." Id. (citations omitted). A challenge to subject matter jurisdiction is properly decided under Federal Rule of Civil Procedure 12(b)(1), and may be asserted as either a facial or factual challenge. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

In relying on Federal Rule of Civil Procedure 12(b)(1), Defendant cites to a decision from the United States Court of Appeals for the District of Columbia, which stated that "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce) . . . ." United States v. Baucum, 80 F.3d 539, 540-41 (D.C. Cir. 1996). But the Ninth Circuit has explained that "'[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).'" Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting Sun Valley Gas., Inc. v. Ernst Enters., 711 F.2d 138, 140 (9th Cir.1983)). "In Bell, the Supreme Court determined that jurisdictional dismissals are warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" Id. (quoting Bell, 27 U.S. at 682-83, 66 S. Ct. at 776, 90 L. Ed. 939).

As an initial matter, the Court is not convinced that Federal Rule of Civil Procedure 12(b)(1) is the correct method for seeking dismissal of the TCPA claim asserted in Plaintiff's 1st AC. Even if Defendant is correct that the TCPA cannot be constitutionally applied to it for robocalls made prior to the Supreme Court's AACP decision, Plaintiff's claim for violation of the TCPA is not "wholly insubstantial and frivolous." The 1st AC asserts a violation of a federal statute over which the Court possesses subject matter jurisdiction, and although the calls to Plaintiff's cell phone occurred prior to the Supreme Court's July 6, 2020 issuance of the AACP decision, the 1st AC is asserted on behalf of a putative class with an alleged class period extending through the date of class certification, which has not occurred yet and therefore encompasses a time period during which Defendant admits that the TCPA may be constitutionally enforced against it. The Court therefore appears to possess subject matter jurisdiction over this action even if Defendant is correct that Plaintiff's individual claim is not viable because it seeks to enforce an unconstitutional statutory provision.

Instead, although not presented as such, Defendant's Motion to Dismiss could also be construed under Federal Rule of Civil Procedure 12(b)(6). That is, Defendant essentially contends that enforcement of the TCPA against Defendant for robocalls made while the government debt exception rendered § 227(b)(1)(A)(iii) unconstitutional would violate the First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

Amendment.[2/]  For purposes of assessing the sufficiency of a complaint's allegations, plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

---

[2/]   For purposes of this Motion, the differences between Rules 12(b)(1) and 12(b)(6) are not dispositive because the Court's analysis leads to the same result under both Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

**III.    Analysis**

Following the Supreme Court's AAPC decision, three district courts have accepted Defendant's argument that the Supreme Court's severance of the TCPA's government debt exception acts only prospectively and does not allow for retrospective application of the remainder of § 227(b)(1)(A)(iii)'s robocall ban on calls placed from 2015's adoption of the government debt exception through the date when the AAPC decision became final.  See Creasy v. Charter Commc'ns, Inc., CV 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020); see also Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., CV 5:20-38 JSM (PRL) (M.D. Fla. Dec. 11, 2020); Lindenbaum v. Realgy, LLC, CV 1:19-2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020).

In reaching these decisions, Creasy, Hussain, and Lindenbaum, all dismissed as dicta language from Justice Kavanaugh's plurality opinion in AAPC that "the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction."  AAPC, 140 S. Ct. at 2355.  Indeed, Justice Kavanaugh's plurality opinion addressed the specific issue raised in Defendant's Motion, and stated that "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." Id. at n.12.  Because Justices Sotomayor, Breyer, Ginsburg, and Kagan joined in the judgment on severability, they did not expressly join the portion of Justice Kavanaugh's opinion containing footnote 12.  As such, Justice Kavanaugh's resolution of the issue may not be binding on this Court, but it is persuasive.

Adding to the persuasiveness of Justice Kavanaugh's conclusion that one in Defendant's position remains potentially liable for robocalls falling outside the scope of the government debt exception is the Ninth Circuit's treatment of the severance issue in Duguid v. Facebook, Inc., 926 F.3d 1146 (9th Cir. 2019).  In Duguid, the Ninth Circuit, employing an analysis that predates but is consistent with the Supreme Court's disposition in AAPC, invalidated the government debt exception as violative of the First Amendment as a content-based restriction on speech, but severed the exception from the remainder of § 227(b)(1)(A)(iii) and remanded for further proceedings to resolve claims that included calls made after the 2015 enactment of the government debt exception.  See id. at 1157.  Duguid is pending before the Supreme Court to resolve a separate issue involving the definition of an automated telephone dialing system.

In contrast, Creasy, and Lindenbaum and Hussain, the two district court opinions following it, have broadened the scope of AAPC's limited holding by construing it as, in essence, invalidating the entirety of § 227(b)(1)(A)(iii), rather than just the government debt exception.  See Creasy, 2020 WL 5761117, at *6 ("This is not a situation where 'one section of a [provision]' being 'repugnant to the Constitution' does not 'render[] the whole [provision] void.' Precisely the opposite is the case here:  the entirety of the pre-severance version of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7419 PA (AGRx) | Date | December 17, 2020 |
|---|---|---|---|
| Title | Alexander Shen v. Tricolor California Auto Group, LLC | | |

§ 227(b)(1)(A)(iii) is void because it itself was repugnant to the Constitution before the Supreme Court restored it to constitutional health in AAPC.") (quoting Seila Law LLC v. CFPB, __ U.S. __, 140 S. Ct. 2183, 2208, 207 L. Ed. 2d 494 (2020)).  In construing AAPC in this manner, Creasy comes closer to adopting the view of the opinion written by Justice Gorsuch and joined by Justice Thomas, than it does to adopting the view of Justice Kavanaugh's plurality opinion and the concurrences in the judgment on severability authored by Justices Sotomayor and Breyer.

This Court, like several others to have considered the issue, declines to adopt an analysis that appears to be at odds with the views of a majority of the Supreme Court's Justices and the Ninth Circuit.  See, e.g., Abramson v. Federal Ins. Co., CV 8:19-2523 (M.D. Fla. Dec. 11, 2020); Buchanan v. Sullivan, CV 8:20-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); Burton v. Fundmerica, Inc., CV 8:19-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).  Instead, it appears that a majority of Justices, and the Ninth Circuit, ascribe to a more limited view of severance that "invalidates and severs unconstitutional provisions from the remainder of the law rather than razing whole statutes or Acts of Congress.  Put in common parlance, the tail (one unconstitutional provision) does not wag the dog (the rest of the codified statute or the Act as passed by Congress).  Constitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole otherwise constitutional state." AAPC, 140 S. Ct. at 2351; see also id. at 2355 ("[W]e apply traditional severability principles.  And as we have explained, severing the 2015 government debt exception cures the unequal treatment and constitutes the proper result under the Court's traditional severability principles.  In short, the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.").

## Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiff's 1st AC, which is based on the parts of the TCPA that were enacted in 1991 and have survived a constitutional challenge, states a viable claim over which the Court possesses subject matter jurisdiction.  The Court therefore denies Defendant's Motion to Dismiss.  Defendant shall file its Answer to the 1st AC by no later than January 4, 2021.

IT IS SO ORDERED.