No *Shepard's* Signal™
As of: January 19, 2021 9:58 PM Z

# *Rieker v. Nat'l Car Cure*

United States District Court for the Northern District of Florida, Pensacola Division

January 5, 2021, Decided

Case No. 3:20cv5901-TKW-HTC

**Reporter**
2021 U.S. Dist. LEXIS 9133 *

KEVIN RIEKER, Plaintiff, v. NATIONAL CAR CURE, LLC, et al., Defendants.

**Notice:** Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.

## Opinion

**[*1] ORDER DENYING MOTION TO DISMISS**

This case is before the Court based on Defendants' motion to dismiss (Doc. 6) and Plaintiff's response in opposition (Doc. 8). Upon due consideration of these filings and the complaint, the Court finds that the motion to dismiss is due to be denied.

Plaintiff alleges in the complaint that Defendants violated the Telephone Consumer Protection Act (TCPA), *47 U.S.C. §227*, by making unsolicited telemarketing calls to his cellular phone using an automatic telephone dialing system (commonly referred to as "robocalls") between October 2019 and February 2020 notwithstanding the fact that his cellular phone number had been on the national Do Not Call Registry since July 2009. Defendants argue that the Court lacks subject matter jurisdiction or that the complaint should be dismissed for failure to state a claim upon which relief may be granted because the statute on which the complaint is based was held unconstitutional by the Supreme Court in *Barr v. AmericanAssociation of Political Consultants, 140 S. Ct. 2335 (2020)* (hereafter *AAPC*).1

Plaintiff responds that *AAPC* only invalidated one provision of the TCPA and it left the remainder of the Act intact, including the provisions allegedly violated by Defendants in this case.

Neither the Eleventh Circuit, nor **[*2]** any other circuit court has addressed the argument raised in the motion to dismiss. The argument has been addressed by a number of district courts around the country over the past several months with conflicting results. Cases rejecting the argument include *Trujillo v. Free EnergySav. Co., LLC, 2020 U.S. Dist. LEXIS 239730 (C.D. Cal. Dec. 21, 2020)*, *Shen v. Tricolor California Auto Group, LLC, 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020)*,

*Abramson v. Federal Ins. Co.* 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020), and

*Buchanan v. Sullivan, 2020 WL 6381563 (D. Neb. Oct. 30, 2020)*, and cases agreeing with the argument include *Hussain v. Sullivan Buick-Cadillac-GMC Truck,Inc., 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020)*, *Lindenbaum v. Realgy, LLC,*

*2020 WL 6361915 (N.D. Ohio Oct. 29, 2020)*, and *Creasy v. Charter Commc'ns,*

*Inc.,* 2020 WL 5761117 (E.D. La. Sept. 28, 2020).

1 More specifically, Defendants contend that the robocall restriction in the TCPA was unconstitutional (and, thus, unenforceable) in its entirety from 2015, when the TCPA was amended to include the government-debt exception that was ultimately severed from the statute in *AAPC*, until July 6, 2020, the date of the *AAPC* decision.

The Court finds the *Trujillo* decision persuasive, and for sake of brevity, the Court simply adopts the reasoning in that decision as well as its conclusion that "the robocall statute remains enforceable, at least against non-government-debt collectors, as to calls made between 2015 and [July] 2020." *2020 U.S. Dist. LEXIS 239730, at \*12*. The Court notes that this conclusion is consistent with the plurality opinion in *AAPC* in which Justice Kavanaugh clearly stated (albeit in dicta) that "our decision today does not negate the liability **[\*3]** of parties who made robocalls covered by the robocall restriction." *AAPC,* 140 S. Ct. at 2355 n.12. It is also consistent with the fact that seven Justices in *AAPC* "conclude[d] that the entire 1991 robocall restriction should not be invalidated." *Id.* at 1243 (emphasis added).

Accordingly, it is **ORDERED** that:

1. Defendants' motion to dismiss (Doc. 6) is **DENIED**.

2. Defendants shall have 14 days from the date of this Order to answer the complaint. See *Fed. R. Civ. P. 12(a)(4)(A)*.

**DONE and ORDERED** this 5th day of January, 2021.

T. Kent Wetherell, II

**T. KENT WETHERELL, II**

**UNITED STATES DISTRICT JUDGE**

3

---

**End of Document**