**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZRIN MASSARO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., and PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>Defendants. | CASE NO.: 3:20-cv-00510-AJB-MSB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Nazrin Massaro hereby gives notice of the following supplemental authority in support of her Response in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction, [D.E. 71]: *McCurley v. Royal Sea Cruises*, No. 17-cv-00986-BAS-AGS, 2021 U.S. Dist. LEXIS 16403 (S.D. Cal. Jan. 28, 2021) ("In this case, one single rationale explains the result joined by seven of the Justices: All seven agree that the 2015 amendment should be severed and the liability of parties making robocalls who were not collecting a government debt is not negated. In fact, three of those seven would not have held the 2015 amendment to be unconstitutional at all, and they certainly agreed Defendant could be held liable. Therefore, the Court finds Justice Kavanaugh's statement is not dicta and must be followed by this Court. Lest there is question, the Ninth Circuit ruling in *Duguid v. Facebook*, 926 F.3d 1146 (9th Cir. 2019), agreed that the debt collection amendment was unconstitutional but severed this amendment and remanded the case to the district court for further proceedings. The Court concluded '[t]he TCPA has been 'fully operative' for more than two decades' and '[e]xcising the debt-collection exception preserves the fundamental purpose of the TCPA and leaves us with the same content-neutral TCPA that we upheld.' *Id.* at 1156-57. Notably the Court did not dismiss the case despite the fact that the allegations from the named Plaintiff involved messages received from January 2014 to October 2014. The Supreme Court granted certiorari solely on the issue of the definition of an automatic telephone dialing system. *Facebook, Inc. v. Duguid*, 141 S. Ct. 193 (2020)."). A copy of the order is attached as **Exhibit A.**

Dated: January 29, 2021

                Respectfully submitted,

                **HIRALDO P.A.**

By: */s/ Manuel S. Hiraldo*
      Manuel S. Hiraldo, Esq.
      (*pro hac vice*)
      401 E. Las Olas Boulevard
      Suite 1400
      Ft. Lauderdale, Florida 33301
      mhiraldo@hiraldolaw.com
      (t) 954.400.4713

      **NICHOLAS & TOMASEVIC, LLP**
      Craig M. Nicholas (SBN 178444)
      Alex M. Tomasevic (SBN 245598)
      225 Broadway, 19th Floor
      San Diego, California 92101
      Telephone: (619) 325-0492
      Facsimile: (619) 325-0496
      Email: cnicholas@nicholaslaw.org
      Email: atomasevic@nicholaslaw.org

      *Counsel for Plaintiff*