1 BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC WOMACK
Assistant Director, Federal Programs Branch

JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
(202) 616-8366 (tel.)
(202) 616-8470 (fax)
Joshua.Abbuhl@usdoj.gov

*Counsel for the United States of America*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZRIN MASSARO, on behalf of herself and all others similarly situated, *Plaintiff*, v. PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., *Defendant*. | Case No. 3:20-cv-00510-AJB-MSB **UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION** Judge: Hon. Anthony J. Battaglia Courtroom: 4A |

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in this case to defend the constitutionality of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. On October 28, 2020, Defendant People for the Ethical Treatment of Animals ("PETA" or "Defendant") filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1(a). ECF No. 66. In that Notice, Defendant stated that it had filed a

motion to dismiss asserting that a provision of the TCPA "violates the First Amendment, on its face and as applied, and thus that provision cannot be applied to impose liability on PETA in this case." *Id.* at 2. The Notice further states that the provision at issue "is unconstitutional as applied here for the additional reason that [an FCC rule] . . . violates the First Amendment." *Id.*

The United States acknowledged the constitutional question, ECF No. 73, and requested additional time to determine whether to intervene, ECF Nos. 73, 82. The Court granted those requests and extended the deadline for intervention February 26, 2021. ECF Nos. 75, 84.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statute. Rule 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged. *See* Fed. R. Civ. P. 5.1(c). Rule 24 further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question . . . ." 28 U.S.C. § 2403(a). In such an action, "the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality." *Id.* Here, Defendant has "drawn in question" the constitutionality of the TCPA, and the United States has an unconditional right to intervene to defend the statute.

For these reasons, the United States hereby provides notice of intervention in this matter to defend the constitutionality of the TCPA. The United States will file its memorandum in defense of the constitutionality of the TCPA this same day.

DATED: February 26, 2021
By: */s/ Joshua C. Abbuhl*
JOSHUA C. ABBUHL

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

JOSHUA C. ABBUHL
Trial Attorney (D.C. Bar No. 1044782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
(202) 616-8366 (tel.)
(202) 616-8470 (fax)
Joshua.Abbuhl@usdoj.gov

*Counsel for the United States of America*